In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01335-CR

____________


ROBERT LESLIE FARRA, Appellant


V.


THE STATE OF TEXAS, Appellee





On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 847340





O P I N I O N

 A jury found appellant guilty of aggravated sexual assault of a child and
assessed punishment at seven years confinement, probated for seven years, and a fine
of $10,000. We affirm.

Background

 The complainant, age 12, lived with her father and her brother, age 17. 
Appellant, age 80, lived next door. Appellant befriended the complainant by giving
her money, gifts, and clothes, such as nightgowns, swimsuits, bras, and panties. He
invited her to his house, where she put on the clothes and he took photographs of her. 
He also gave her several sex books, which she hid in her room. On two occasions,
appellant had the complainant sit on him while he was naked and she wore a
nightgown. During one of those occasions, he put his penis in her mouth. 

 The next day, appellant invited the complainant's father to his house. He told
the father that the complainant had confided in appellant about the following: (1) her
brother had raped her years ago; and (2) her brother had stolen $150 that appellant
had given her. The father went home, asked the brother about the missing money,
and searched the complainant's room. The complainant retrieved the sex books and
told her father that appellant had given them to her. After she explained what
appellant had done to her, her father called the police.

 The complainant went to the Children's Assessment Center, where she was
interviewed and examined. She told the interviewer that appellant had a mole on his
buttock and described other marks and scars on his body, which were not visible
when appellant was clothed. Officers arrested appellant, searched his home pursuant
to a warrant, and found several photographs of the complainant in nightgowns,
swimsuits, bras, and panties. Officers confirmed the mole and scars on appellant's
body. At trial, appellant denied sexually abusing the complainant, but admitted that
he took the pictures of her, asked her to pose nude, and gave her the sex books. 

Right to Confrontation

 In his sole point of error, appellant contends that the trial court violated his
right to confrontation under the Sixth Amendment to the United States Constitution. 
U.S. Const. amend. VI. Appellant attempted to elicit testimony during cross-examination of the complainant about whether her father had beaten her a few months
prior to her outcry against appellant. Appellant contends that the trial court's refusal
to allow this questioning violated his Sixth Amendment right to confrontation
because it denied the admission of evidence regarding the complainant's motive to
fabricate the allegations against appellant.

 During cross-examination of the complainant, defense counsel asked if her
father had beaten her in the past. The trial court sustained the State's objection based
on relevance. Outside the presence of the jury, defense counsel explained that he
wished to question the complainant about the following facts: (1) the complainant
confided in appellant that her brother raped her years ago, and she never told her
father; (2) she also confided in appellant about the missing money; (3) appellant
betrayed her trust by telling her father about these incidents; and (4) a few months
prior to her outcry, her father had beaten her to the point that she reported the beating
to the Children's Protective Services (CPS). Defense counsel reasoned that, because
the complainant was so afraid of her father and brother, she blamed appellant to divert
her father's attention on appellant, instead of herself. Defense counsel explained:

 Defense Counsel: That she was so upset and so fearful of her father
when he confronted her with the missing money, but the major huge
issue of her being molested by his son, that she was so afraid of him. 
I'm running through my whole theory of the case, that she would do
anything to try to divert attention away from her and she made herself
a victim, everything was off of her now and now everything is on
[appellant]. She went from being afraid she was going to be beaten over
all of this to go to bed, everything is okay. You're the victim.


 Prosecutor: I hardly see how that makes it a motive. She was a victim
no matter which way you look at it. She was always the victim. . . .


 Defense Counsel: Judge, my position is that realistically she thought she
was about to be a victim. Her daddy just beat her two to three months
previous to this, left bruises on her legs. And she, I'm sure she was
terrified. She brought up on direct in a nonresponsive question how
scared she was of her father, he was so upset. She admitted to me he
was very upset and we haven't brought up the real reason behind it. . . 
What about the reason she's fearful of her dad?


 The Court: She testified she is fearful. I'm not going to listen, I'm not
going to allow any testimony about how he disciplined her or exceeded
discipline, whatever. . . . The purpose that you articulate as to why she
would say [appellant] sexually assaulted her goes to a motive against
[appellant], not any motive that may or may not be there as far as her
father is concerned, so the Court is not going to allow at this time any
testimony about any beating as described by defense counsel that
occurred prior to these allegations.


 The trial court ruled that appellant could ask the complainant about her
brother's raping her years ago, if it was the defensive theory that she made the
allegations against appellant because appellant betrayed her confidences. It further
ruled that the complainant could testify that she was afraid of her father, but appellant
could not question her about the prior beating by her father because it relates to a
"motive that may or may not be there as far as her father is concerned," not to a
motive against appellant. On appeal, appellant argues that the trial court's ruling
violated his right of confrontation by not allowing evidence of the complainant's
motive to make the sexual assault allegations against appellant. 

 The Sixth Amendment protects a defendant's right to confront and cross-examine witnesses against him. Davis v. Alaska, 415 U.S. 308, 315-16 94 S. Ct.
1105, 1110 (1974). This right is violated when appropriate cross-examination is
limited. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). Appropriate
cross-examination includes all avenues reasonably calculated to expose a motive,
bias, or interest for the witness to testify. Id. 

 The accused is afforded great latitude in showing witness bias or motive to
falsify testimony. Knox v. State, 31 S.W.3d 700, 702 (Tex. App.--Houston [1st Dist.]
2000, no pet.). However, the trial court retains wide latitude to impose reasonable
limits on cross-examination. Carroll, 916 S.W.2d at 496-97. A trial court may
permissibly limit the scope of cross-examination to prevent harassment, prejudice,
confusion of the issues, harm to the witness, and repetitive, or marginally relevant
interrogation. Id. at 498. The trial court's decision to limit cross-examination is not
subject to reversal absent a clear abuse of discretion. Love v. State, 861 S.W.2d 899,
903 (Tex. Crim. App. 1993). 

 Appellant sought to admit the disputed testimony about the complainant's
father recently beating her because it would assist the jury's assessment of the
complainant's credibility. Specifically, appellant contends that the complainant may
have fabricated the allegations against appellant to divert the attention away from
herself because she was afraid of her father. 

 The trial court allowed the admission of the complainant's testimony that she
was afraid of her father, that he had a "hot temper," and that she was afraid of him on
the night he came into her room to look for the missing money. Thus, evidence was
admitted that the complainant was afraid of her father at the time she made the outcry
against appellant. Additionally, evidence was admitted that her brother had
previously raped her and that appellant betrayed her confidences. As the trial court
recognized, while evidence of the father's previous beatings may have established a
motive against the father, it did not establish a motive against appellant. 

 Appellant, therefore, did not meet his burden of showing that the disputed
testimony was relevant. Tex. R. Evid. 401, 402. We hold that the trial court did not
abuse its discretion in refusing to allow appellant to question the complainant about
the prior beating by her father.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.



 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (1) 

Do not publish. Tex. R. App. P. 47.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.